UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No.: 2:13 cr 642-1 (DMC) |
| v. | Filed: |
| ROBERT U. DEL VECCHIO Sr., | Violation: 15 U.S.C. § 1 |
| Defendant. | |

## PLEA AGREEMENT

The Antitrust Division of the United States Department of Justice and the defendant, ROBERT U. DEL VECCHIO Sr. ("DEL VECCHIO") hereby enter into the following Plea Agreement ("Agreement") pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P.").

### AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS

1. DEL VECCHIO will waive indictment pursuant to Fed. R. Crim. P. 7(b) and plead guilty in the United States District Court of New Jersey to a one-count Information, in the form attached, in which he is charged with one count of violating 15 U.S.C. § 1 in connection with a conspiracy to rig bids at certain public auctions for the sale of tax liens conducted by municipalities within the District of New Jersey, from in or about 2000 until approximately December 2008.

1

## GOVERNMENT'S AGREEMENT

2. Upon the Court's acceptance of the guilty plea called for by this Agreement, the United States will not bring further criminal charges against DEL VECCHIO for any act or offense committed prior to the date of this Agreement that was in furtherance of any agreement to rig bids at certain public auctions for the sale of tax liens conducted by municipalities within the District of New Jersey. The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal securities laws, or to any crime of violence.

3. It is understood that this Agreement does not bind any other federal agency or local prosecuting authority or administrative agency other than the Antitrust Division of the United States Department of Justice.

## POSSIBLE MAXIMUM PENALTIES

4. DEL VECCHIO understands that the statutory maximum penalty which may be imposed against him upon conviction for a violation of 15 U.S.C. § 1 is:

(a) a term of imprisonment for ten (10) years (15 U.S.C. § 1);

(b) a fine in an amount equal to the greatest of (1) $1 million, (2) twice the gross pecuniary gain the conspirators derived from the crime, or (3) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (15 U.S.C. § 1 and 18 U.S.C. §§ 3571(b), (d)); and

(c) a term of supervised release of three (3) years following any term of imprisonment. If the defendant violates any condition of supervised release, the defendant could be imprisoned up to two (2) years (18 U.S.C. § 3559(a)(3); 18 U.S.C. §§ 3583(b)(2), (e)(3); and U.S.S.G. § 5D1.2(a)(2)).

2

5. In addition, DEL VECCHIO understands that:

(a) pursuant to U.S.S.G. § 5E1.1 or 18 U.S.C. § 3583(d), the Court may impose an order of restitution to the victims of the offense; and

(b) pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the defendant to pay a $100.00 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

6. DEL VECCHIO understands that the United States Sentencing Guidelines ("Sentencing Guidelines") are advisory, not mandatory, but that the Court must consider the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing a sentence. DEL VECCHIO understands that the Sentencing Guidelines determinations will be made by the Court by a preponderance of the evidence standard. DEL VECCHIO understands that although the Court is not ultimately bound to impose a sentence within the applicable Sentencing Guidelines range, its sentence must be reasonable based upon considerations of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

## SENTENCING AGREEMENT

7. DEL VECCHIO understands that the sentence to be imposed on him is within the sole discretion of the sentencing judge. It is understood that the Sentencing Guidelines are not binding on the Court. DEL VECCHIO acknowledges that the entry of his guilty plea to the charged offense authorizes the sentencing court to impose any sentence up to and including the statutory maximum sentence. The United States cannot and does not make any promises or representations as to what sentence DEL VECCHIO will receive. DEL VECCHIO understands that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court does not impose a sentence

3

consistent with either party's sentencing recommendation, he nevertheless has no right to withdraw his plea of guilty. The United States will inform the Probation Office and the Court of (a) this Agreement; and (b) the nature and extent of DEL VECCHIO's activities with respect to this case and all other activities of DEL VECCHIO which the United States deems relevant to sentencing. In so doing, the United States may use any information it deems relevant, including information provided by DEL VECCHIO both prior and subsequent to the signing of this Agreement. The United States reserves the right to make any statement to the Court or the Probation Office concerning the nature of the offense charged in the attached Information, the participation of DEL VECCHIO therein, and any other facts or circumstances that it deems relevant. The United States also reserves the right to comment on or to correct any representation made by or on behalf of DEL VECCHIO, and to supply any other information that the Court may require.

8.  The United States and DEL VECCHIO agree that pursuant to U.S.S.G. § 2R1.1, the volume of commerce attributable to DEL VECCHIO is approximately $320,000.00. In light of the availability of civil causes of action, in the United States District Court for the District of New Jersey, which potentially provide for a recovery of a multiple of actual damages, the United States and DEL VECCHIO agree that any sentencing recommendation either party may make to the Court will not include an order of restitution for the offense charged in the Information.

9.  DEL VECCHIO understands that this Agreement does not in any way affect or limit the right of the United States to respond to and take positions on post-sentencing motions or requests for information that relate to the reduction or modification of his sentence.

REPRESENTATION BY COUNSEL

10. DEL VECCHIO has reviewed all legal and factual aspects of this case with his attorney and is fully satisfied with his attorney's legal representation. DEL VECCHIO has thoroughly reviewed this Agreement with his attorney, and has received satisfactory explanations from his attorney concerning each paragraph of this Agreement and alternatives available to him other than entering into this Agreement. After conferring with his attorney and considering all available alternatives, DEL VECCHIO has made a knowing and voluntary decision to enter into this Agreement.

VOLUNTARY PLEA

11. DEL VECCHIO's decision to enter into this Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Agreement. The United States has made no promises or representations to DEL VECCHIO as to whether the Court will accept or reject the recommendations contained within this Agreement.

VIOLATION OF PLEA AGREEMENT

12. DEL VECCHIO agrees that, should the United States determine in good faith, during the period that any federal proceeding is pending, that he has violated any provision of this Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Agreement (except its obligations under this paragraph), and DEL VECCHIO shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to

5

the investigation resulting in this Agreement. DEL VECCHIO agrees that, in the event that the United States is released from its obligations under this Agreement and brings criminal charges against him for any offense referred to in Paragraph 1 of this Agreement, the statute of limitations period for such offense shall be tolled for the period between the date of the signing of this Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Agreement.

13. DEL VECCHIO understands and agrees that in any further prosecution of him resulting from the release of the United States from its obligations under this Agreement based on DEL VECCHIO's violation of the Agreement, any documents, statements, information, testimony, or evidence provided by him to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against him in any such further prosecution. In addition, DEL VECCHIO unconditionally waives his right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

14. This Agreement constitutes the entire agreement between the United States and DEL VECCHIO concerning the disposition of the criminal charge contained in this case. This Agreement cannot be modified except in writing, signed by the parties.

15. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Agreement on behalf of the United States.

Dated: 7/26/13

_____
ROBERT U. DEL VECCHIO Sr.

_____
MICHAEL B. HIMMEL, ESQ.
Counsel for ROBERT U. DEL VECCHIO Sr.

Respectfully submitted,

_____
LUDOVIC C. GHESQUIERE
JOHN W. VAN LONKHUYZEN
CHARLES V. REILLY
BRYAN C. BUGHMAN

Trial Attorneys, Antitrust Division
U.S. Department of Justice
26 Federal Plaza, Room 3630
New York, New York 10278
(212) 335-8004